# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2026

Lyle W. Cayce
Clerk

No. 25-50828
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Rodriguez-Padilla,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-1062-1

———————————————————

Before Smith, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:*

Daniel Rodriguez-Padilla appeals his sentence under 8 U.S.C. § 1326. He maintains that § 1326(b) is unconstitutional because it treats a prior conviction that increases the statutory maximum as a sentencing factor, rather than as an element of the offense.

The government moves for summary affirmance or, alternatively, an

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50828

extension of time to file its brief. Rodriguez-Padilla takes no position on the motion but concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Rodriguez-Padilla correctly concedes that his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States,* 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the government's motion for summary affirmance is GRANTED, the alternative motion for an extension is DENIED, and the judgment is AFFIRMED.